### ELLIS v. THE LYCEUM et al.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

JUDGMENT—RES ADJUDICATA—VALIDITY OF MORTGAGE.

An adjudication establishing the validity of a mortgage, in an action brought by the mortgagor to compel the holders of bonds secured by it to accept 75 per cent. of their face value as payment, is conclusive against the mortgagor in a subsequent action to foreclose such mortgage.

Appeal from special term, New York county.

Action by John S. Ellis, as trustee of and for the holders of certain bonds issued by the Lyceum, against the Lyceum and others, to foreclose a mortgage. Judgment of foreclosure and sale. Defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and INGRAHAM and O'BRIEN, JJ.

*John H. Bird,* for appellants. *Hubbard Hendrickson,* (*Lemuel Skidmore,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as trustee of and for the holders of certain bonds issued by the Lyceum, to foreclose a mortgage given by the said defendant the Lyceum. The defendant was a corporation, incorporated in January, 1884, under the laws of the state of New York, and the object of its incorporation was the erection of a building

to contain a public hall or theater. The total amount of the capital stock of the incorporation was fixed at $36,000, divided into 360 shares of $100 each; but of said capital stock only $24,000 had ever been issued by the corporation up to the 30th of January, 1885. At this time the said corporation was the holder of certain leasehold property, upon which it caused to be erected a building at the expense of some $50,000. In January, 1885, it was resolved that, whereas the building of the company was worth in actual value more than $36,000, the $12,000 of capital stock remaining in the treasury of the company should be issued to the then stockholders in ratable proportion to the stock then held by them. All of such stockholders accepted and retained such stock without objection. It was also determined at or about this time, the corporation having incurred an indebtedness of $20,000 for work and materials in the erection of the building, to issue bonds secured by a mortgage upon its property of $24,000 to this plaintiff, as trustee, in order to pay the liabilities of the company and to complete the building; and the plaintiff was appointed a committee to carry out the resolution. And it was further resolved that each stockholder should have the option of taking a proportion of such $24,000 issue of bonds equal to his holding in stock at 25 per cent. discount, and, in the event of the declination of such stockholder to take such proportion of bonds on the terms stated, then his right of option should cease and determine, and such bonds should be issued in payment of the obligations of the company, or be sold at not more than 25 per cent. discount. Consent to the execution of the mortgage was signed by stockholders holding 165 shares of the 240 which had been issued; they, however, signing as stockholders for the proportionate part of the $12,000 which had been issued as above stated. The mortgage was thereupon executed and the bonds issued, some of the stockholders taking the bonds at the 25 per cent. discount, others refusing to take the same, and other bonds being given to the contractors at par. The management of the corporation having changed, in 1887 an action was brought in the superior court on behalf of the Lyceum against the present plaintiff, as trustee, and others, (8 N. Y. Supp. 867,) the complaint in which action set up the facts above mentioned, and demanded judgment that the bonds which were issued to the stockholders at 25 per cent. discount should be declared binding and obligatory upon said corporation for 75 per cent. only of their face value; and that the holders of such bonds should be ordered to tender the same and the coupons remaining thereon to the said corporation, and, upon receiving payment of 75 per cent. of the face thereof, should deliver up said bonds and coupons to be canceled; and that the mortgage to Ellis as trustee be decreed to be a lien against the leasehold, franchises, and property of the corporation for $19,500 only; and that said defendants be enjoined from taking any steps to enforce said bonds, etc. The defendant (the plaintiff in this action) and his co-defendants answered, denying the claims of the plaintiff, and asserting the validity of the bonds and mortgage to the full amount. These issues were tried, and the court found that the issue and sale of the bonds of the plaintiff corporation for 75 per cent. of their face value to the defendants was ratified by the stockholders of the plaintiff, and was valid and binding upon the plaintiff for the full amount purporting to be secured by said bonds according to their tenor; and that the issue and division of the $12,000 among the stockholders on February 10, 1885, was ratified by the stockholders, and could not be questioned by the plaintiff; and gave judgment that the complaint be dismissed on the merits as to all the defendants in the action. Subsequently this action to foreclose the mortgage in question was commenced, default having been made in payment of some of the coupons attached to the bonds, and the foregoing facts appearing upon the trial, the defendants having set up in answer the same facts contained in the complaint in the action in the superior court. Upon the trial of the issues thus raised

the court held that the adjudication of the superior court was binding upon the parties, and gave a judgment of foreclosure and sale, from which judgment this appeal is taken.

We can see no escape from the conclusion that the judgment in the superior court was fatal to any claim which the defendants might make as to the invalidity of the mortgage sued upon. The same facts appeared before the superior court, and although different relief was asked for, yet the mortgage was held to be valid in that court, and the plaintiffs in that action were denied all relief. This established, at the invitation of the corporation, the validity of the mortgage which it now seeks to attack. As to the adjudication in reference to the issue of stock, it does not appear that that was necessarily involved in that litigation, and it is possible that it may not have been *res adjudicata* as to all the questions which arose out of such issue. But it is clear that, this mortgage having been determined in that action to be valid, it cannot now be attacked, but the judgment of the superior court is conclusive proof of its validity. The judgment must therefore be affirmed, with costs.

All concur.